**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Herold,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>U.S. Bank, N.A., as trustee for WaMu Mortgage Pass Through Certificate for WMALT Series 2007-OA3 Trust c/o JPMorgan Chase Bank, N.A., and JPMorgan Chase Bank, N.A.,<br><br>　　　　Defendants. | No. CV 11-08108-PCT-FJM<br><br>**ORDER** |

The court has before it defendants' motion to dismiss (doc. 8), plaintiff's response (doc. 11), and defendants' reply (doc. 13).

**I. Background**

In January 2007, plaintiff executed a promissory note in favor of Washington Mutual Bank ("WaMu") for $512,000. This loan, secured by a deed of trust, was used to purchase a condominium in Lake Havasu City, Arizona. Plaintiff later defaulted on his loan payments and, in January 2009, began applying for loan modifications with WaMu and its successor in interest, Chase Bank ("Chase"). These loan modifications are governed by the Home Affordable Mortgage Program ("HAMP"). "HAMP aims to prevent avoidable home foreclosures by encouraging loan servicers to reduce the required monthly mortgage

payments" and thereby enabling homeowners in or near default to obtain permanent loan modifications. Bourdelais v. J.P. Morgan Chase Bank, N.A., No. 3:10CV670-HEH, 2011 WL 1306311, at *1 (E.D. Va. Apr. 1, 2011). In step one of a modification, the loan servicer offers the borrower a three-month Trial Period Plan ("TPP"). Step two, the permanent modification, occurs only if all conditions of the TPP agreement are met.

Plaintiff alleges that he was approved for a loan modification program and would be required to make payments for a three-month trial period under his TPP. He also alleges that a Chase representative told him he would receive a permanent modification if he made all three trial payments. According to plaintiff, Chase's representative gave him an estimate of the payment amounts but Chase never communicated the exact amounts, and thus plaintiff was unable to make the payments.

Chase assigned its interest in the deed of trust to U.S. Bank on March 30, 2011, and on that date U.S. Bank issued a notice of trustee's sale to plaintiff. The sale was scheduled for June 30, 2011. Plaintiff filed a motion for temporary restraining order on June 28, 2011, which the Superior Court of Arizona in Mohave County granted the next day. Notice of Removal, ex. 1 at 6, ex. 4 at 4-6. Plaintiff's amended complaint, filed July 6, 2011, alleges breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff also seeks an accounting and injunctive and declaratory relief. The defendants filed a notice of removal on July 8, 2011 and a motion to dismiss on July 15, 2011.

## II. Legal Standard

If a complaint does not state a plausible claim for relief on its face, it will not survive a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss for failure to state a claim. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. When ruling on a motion to dismiss, this court must accept a plaintiff's factual allegations and reasonable inferences as true, but is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quoting

1  Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)). Dismissal under Rule
2  12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient
3  facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d
4  696, 699 (9th Cir. 1990).

### III. Breach of Contract

6      "To prevail on a claim for breach of contract, the plaintiff must prove the existence
7  of a contract between the plaintiff and defendant, a breach of the contract by the defendant,
8  and resulting damage to the plaintiff." Frank Lloyd Wright Found. v. Kroeter, 697 F. Supp.
9  2d 1118, 1125 (D. Ariz. 2010). Plaintiff alleges that he and Chase had a contract agreeing
10 to a loan modification and the defendants breached this contract by not supplying plaintiff
11 with the information necessary for him to perform. Specifically, he appears to argue that the
12 TPP itself is a contract between the parties, Chase never provided final payment amounts for
13 his trial period, and plaintiff was thus unable to make trial payments. Additionally, plaintiff
14 claims Chase promised in the TPP to permanently modify his loan and then later reneged on
15 its promise. Nowhere does plaintiff identify a specific provision which was breached.

16     Plaintiff follows this course of action because he knows he will be unsuccessful
17 asserting a cause of action under HAMP. This court has previously recognized that private
18 parties do not have standing to allege claims based on HAMP. Wright v. Chase Home Fin.
19 LLC, No. 11-CV-0095-PHX-FJM, 2011 WL 2173906, at *2 (D. Ariz. June 2, 2011).

20     Whether the TPP itself can be the basis for a breach of contract suit is an unsettled
21 question, though most courts have dismissed such claims. See Rackley v. JPMorgan Chase
22 Bank, N.A., No. SA-11-CV-387-XR, 2011 WL 2971357, at *3 (W.D. Tex. July 21, 2011)
23 (collecting cases). Notably, while plaintiff claims the TPP is the contract on which he is
24 suing, he failed to include this agreement with his complaint. The defendants attached an
25 unsigned copy of this document to their reply in support of their motion to dismiss. Reply,
26 ex. A.

28     Even assuming a TPP could be an enforceable contract, the argument that it is

- 3 -

1  enforceable in this case is unavailing. The second paragraph of the document states: "I
2  understand that after I sign and return one copy of this Plan to the Lender, the Lender will
3  review my modification package and send me written notice if I do not qualify for the Offer."
4  Id. at 1. It appears that neither plaintiff nor defendants ever signed this document.
5  Therefore, the TPP was merely an offer. Plaintiff did not accept this offer by words or
6  conduct. He alleges he was unable to make the trial payments because he did not know the
7  exact amount he needed to pay, but he has made no showing that he attempted to make a
8  payment of any amount or that he paid the estimated amounts listed in the TPP. He has also
9  failed to show that he provided Chase with required financial documentation. Plaintiff has
10 not stated a claim for breach of contract on the basis of Chase's failure to provide exact
11 amounts for his trial payments.

12 As far as plaintiff alleges the TPP entitled him to permanent modification, he again
13 fails to state a claim for breach of contract. His reading of the TPP is contrary to numerous
14 provisions in the document which clearly state that temporary and permanent modification
15 are separate. For instance, the TPP states that it is not a modification of the loan and "the
16 Lender will not be obligated or bound to make any modification of the Loan Documents if
17 the Lender determines that [borrower does] not qualify or if [borrower fails] to meet any one
18 of the requirements under this Plan." Reply, ex. A § 2(G). Similarly, the borrower must
19 agree that "all terms and provisions of the Loan Documents remain in full force and effect."
20 Id. § 4(D). Whether or not the TPP is construed as a contract, defendants' denial of a
21 permanent loan modification is not a breach of the terms of the TPP.

22 **IV. Breach of Implied Covenant of Good Faith and Fair Dealing**

23 Plaintiff also argues that the defendants breached their implied obligation of good
24 faith and fair dealing by failing to provide plaintiff with information necessary for him to
25 perform and by eventually declining to modify his loan. "Arizona law implies a covenant
26 of good faith and fair dealing in every contract." Wells Fargo Bank v. Ariz. Laborers,
27 Teamsters & Cement Masons Local No. 395 Pension Trust Fund, 201 Ariz. 474, 490, 38 P.3d
28 12, 28 (2002). Without a contract, though, there is no covenant to breach. Because the TPP

1  was not an enforceable contract, plaintiff does not have a viable claim based on an implied
2  contractual covenant.

### V. Accounting

4        Plaintiff seeks an accounting of amounts due under the loan but does not cite a single
5  law underlying this right.  As a result, he has not pled a plausible claim for relief.  Even if
6  his claim were pled with particularity, no state or federal law gives him a right to an
7  accounting.  "In Arizona, actions for an accounting are usually reserved to parties in a
8  fiduciary relationship."  Wright v. Chase Home Fin. LLC, No. 11-CV-0095-PHX-FJM, 2011
9  WL 2173906, at *3 (D. Ariz. June 2, 2011).  "Absent a special agreement, the debtor-creditor
10 relationship is not a fiduciary relationship."  Id.  Arizona law provides a narrow statutory
11 right to an accounting to homeowners facing foreclosure, but this right does not extend to the
12 complete accounting apparently requested here.  A.R.S. § 33-813(C); Kelly v. NationsBanc
13 Mortg. Corp., 199 Ariz. 284, 286-87, 17 P.3d 790, 792-93 (Ct. App. 2001).  Federal law
14 does not provide a basis for an accounting, either.  Borrowers have a right to receive certain
15 information from a loan servicer under the Real Estate Settlement Procedures Act
16 ("RESPA"), but numerous courts agree that RESPA does not provide a statutory basis for an
17 accounting.  Brown v. Bank of America, N.A., No. CIV S-10-1758 LKK DAD PS, 2011 WL
18 1253844, at *8 (E.D. Cal., Mar. 31, 2011) (citing cases).  Plaintiff has not alleged that he
19 submitted a qualified written request for information to his loan servicer, as required by
20 statute.  12 U.S.C. § 2605(e)(1)(B).  Nor has he alleged any actual damages, a required
21 element of a RESPA claim.  Id. § 2605(f)(1)(A).  For the foregoing reasons, plaintiff's claim
22 for an accounting is denied.

### VI. Injunctive and Declaratory Relief

24       Finally, plaintiff's complaint includes claims for injunctive and declaratory relief.  The
25 claim for injunctive relief seeks a temporary restraining order to prevent foreclosure.  As this
26 order was granted by the Superior Court, this claim is moot.  Both claims fail to state a cause
27 of action.  Under Arizona law, injunctions and declaratory judgments are "merely remedies
28 that must be premised on some other legal theory."  Carter v. HSBC Mortg. Corp., No. 10-

CV-1002-PHX-MHM, 2010 WL 4792638, at *5 (D. Ariz. Nov. 18, 2010). Since this court has dismissed plaintiff's other causes of action, injunctive and declaratory relief are unavailable.

Accordingly, **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 8). These claims are dismissed with prejudice because any amendment to the complaint would be futile.

DATED this 13th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge